UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LARA STRACK,

                      Plaintiff,

v.                                                  Case No. 17-cv-834-pp

KATHERINE M. REKAU,
DEANNA SCHAUB,
JENNIFER MCDERMOTT,
DAVID TARR,
CAPTAIN FINKE,
SERGEANT SARAH NYDEN,
CAPTAIN DIERKS,
CAPATIN IACUCCI,
CAPATAIN MAAUG,
JOHN AND JANE DOE, and
JOHN AND JANE ROE,

                      Defendants.

---

## DECISION AND ORDER SCREENING THE PLAINTIFF'S COMPLAINT

---

The plaintiff, who is represented by counsel, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated her constitutional rights. Dkt. No. 1. The case is before the court for an initial review of the complaint, as required by the Prison Litigation Reform Act, 28 U.S.C. §1915A(a).

I.      <u>Screening the Plaintiff's Complaint</u>

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to

1

state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to demonstrate that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980).

The plaintiff has sued corrections officer Katherine M. Rekau, as well as a number of defendants (identified by name, or identified as Doe/Roe defendants) employed at two facilities: Robert E. Ellsworth Correctional Center and Taycheedah Correctional Institution. She names Deanna Schaub and Jennifer McDermott, the warden and deputy warden of Ellsworth, as well as David Tarr, the safety director there. Dkt. No. 1 at ¶4. She names Captain Finke, Sarah Nyden, Captain Dierks, Captain Iacucci and Captain Malaug, and identifies them as "employees of the [Wisconsin Department of Corrections] at

2

[Ellsworth] and [Taycheedah]," and asserts that they "had direct involvement with the Plaintiff and the Defendant, Rekau." Id. at ¶5. She names various Doe defendants as corrections officers and supervisors "with direct and indirect involvement with the Plaintiff and Defendant, Katherine M. Rekau." Id. at ¶6. She also names various Doe and Roe defendants whom she asserts were "employees of the [Wisconsin Department of Corrections] at [Ellsworth] and [Taycheedah]," who had the responsibility to provide "mental health support and services to inmates, including the Plaintiff, . . . at [Ellsworth] and [Taycheedah]." Id.

### A. The Plaintiff's Allegations

During the time of the events alleged in the complaint, the plaintiff was incarcerated either at Ellsworth or Taycheedah. Dkt. No. 1 at ¶¶2, 9. She alleges that during 2016, while at Ellsworth, corrections officer Katherine Rekau made "overtly sexual statements to her," asked her "about her sexual preferences," made "sexually suggestive comments to her," and "sexually assault[ed] her . . . at various locations within [Ellsworth]." Id. at ¶11, 13.

The plaintiff explains that Rekau used threats of segregation and loss of privileges to intimidate the plaintiff so that she would not report Rekau's alleged misconduct. Id. at ¶14. According to the plaintiff, Rekau also professed her love for the plaintiff and told the plaintiff that Rekau "would be incarcerated if the truth were known." Id.

The plaintiff asserts that, as a result of Rekau's alleged misconduct, the plaintiff suffered mental and emotional trauma, developed Post Traumatic

3

Stress Disorder and other mental and emotional problems, and developed severe anxiety and physical ailments. Id. at ¶15-16.

The plaintiff alleges that all of the defendants, with the exception of Rekau, "failed and neglected to perform their duties and responsibilities in that they failed to employ reasonable and adequate screening procedures, failed to properly supervise [Rekau], and failed to enforce reasonable rules and regulations to protect inmates including the Plaintiff." Id. at ¶17. The plaintiff states that these defendants knew that there was a substantial risk that corrections staff would sexually abuse and assault inmates. Id. at ¶18.

The plaintiff is suing Rekau in her individual capacity; she is suing the remaining defendants in their individual and official capacities. See id. at ¶20-22.

**B. Analysis**

1. *The Plaintiff's Individual Capacity Claims Against All of the Defendants Except Rekau*

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (quoting Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)). In other words, §1983 makes public employees liable "for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir.2009). There is no liability under §1983 using a theory of respondeat superior, vicarious liability, or supervisory liability. See Id.

With the exception of Rekau, the plaintiff makes no allegations from which the court can reasonably infer that the defendants had actual knowledge of the specific threat Rekau allegedly posed to the plaintiff (as opposed to knowledge of a general threat to all inmates), or that they were personally involved in violating the plaintiff's constitutional rights. The only time the plaintiff gets close is when she alleges, "[W]hen said Defendants became aware that the Plaintiff had been sexually assaulted by [Rekau], they blamed the Plaintiff by placing her in segregation, verbally abusing her, harassing her and denying her mental health and other support services . . . ." Dkt. No. 1 at ¶32. Even there, though, the plaintiff does not say *which* of the more than ten defendants "became aware" of the alleged sexual assaults, *when* or *how* they became aware, or *what* each particular defendant did or did not do to violate the plaintiff's rights.

It is unlikely that *all* of the defendants placed the plaintiff in segregation, harassed her *and* denied her support services; even if they did, the plaintiff needs to say that, and explain how. The pleading standard requires that the plaintiff give each defendant notice of what he or she did to violate the plaintiff's rights, and §1983 requires the personal involvement of each defendant. Lumping more than ten defendants together and making vague allegations about their conduct is insufficient. The court will dismiss the plaintiff's individual capacity claims against all of the defendants except Rekau.

5

### 2. *The Plaintiff's Official Capacity Claims Against All of the Defendants Except Rekau*

The plaintiff also asserts official capacity claims against all of the defendants except Rekau. Official capacity suits actually are suits against the government entity (here, the State of Wisconsin), and §1983 does not authorize claims seeking money damages against the state. Sanville v. McCaughtry, 266 F.3d 724, 732-33 (7th Cir. 2001). Although a "state official in his or her official capacity, when sued for injunctive relief, would be a person under §1983 because official-capacity actions for prospective relief are not treated as actions against the State," Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n. 10 (1989) (quotation omitted), the plaintiff has not requested injunctive relief. The court will dismiss the plaintiff's official capacity claims against all of the defendants.

### 3. *The Plaintiff's Claim Against Rekau*

Prison officials violate the Eighth Amendment when they know of a substantial risk of serious harm to inmate health or safety and they either act or fail to act in disregard of that risk. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). The plaintiff's allegations that Rekau sexually harassed and abused her while she was an inmate at Ellsworth are sufficient for the plaintiff to proceed on a claim that Rekau violated her rights under the Eighth Amendment.

II. Conclusion

The court **DISMISSES** Deanna Schaub, Jennifer McDermott, David Tarr, Captain Finke, Sergeant Sarah Nyden, Captain Dierks, Captain Iacucci, Captain Maaug, John and Jane Doe, and John and Jane Roe as defendants.

The court **ALLOWS** the plaintiff to proceed on an Eighth Amendment claim against Katherine M. Rekau.

Dated in Milwaukee, Wisconsin this 25th day of January, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**